DeCourcey v. Little.

DeCourcey and others *vs.* Little and others.

Under the act concerning chattel mortgages, of March 24th, 1864, (*Pamph. L.* 493,) a mortgage upon chattels situate in a different county from that in which the mortgagor resides, and recorded only in the county where the chattels are situate at the time of the execution of the mortgage, is entitled to priority in payment over another mortgage of a prior date, but of which the subsequent mortgagees had no notice, and recorded subsequently, though recorded in the county where the chattels lay, and also in that where the mortgagor resided at the time of its execution.

Argued upon final hearing, on pleadings and proofs.

*Mr. P. L. Voorhees,* for complainants.

*Mr. Keasbey* and *Mr. C. Parker,* for defendants.

The mortgage held by defendants was given first, dated April 12th, 1866. Little & Dana gave their mortgage to complainants, May 2d, 1866, dated April 30th, 1866, and advised them then, of the mortgage held by defendants. Neither mortgage being filed, Collins, Atwater & Co. lent the mortgagors more money, and received another mortgage

as security, dated August 3d, 1866, amounting to $25,000. Collins & Co. had no notice of DeCourcey's mortgage. This mortgage was filed in Camden, where the goods were, August 11th, 1866. On the 28th of September, 1866, complainants were informed of this mortgage. After seeing it, they filed their mortgage in Camden county. November 2d, 1866, they filed a copy in Union. One of the firm of Little & Dana, the mortgagors, lived in Union. The firm had its business office in New York, and there the other partner resided.

The question is, which of the two mortgages has priority ?

The act (1864) says : "Every chattel mortgage, not accompanied by immediate delivery, and followed by actual and continued change of possession, shall be absolutely void against the creditors of the mortgagor, and against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy, shall be filed as directed in the act," viz. in the office of the clerk of the county where the mortgagor, if a resident of the state, resides at the time of execution, and if not a resident of the state, then in the county where the mortgaged property is then located."

1. The mortgage is by a firm. The firm resided in New York. So, filing the complainants' mortgage in Camden was good, and it was filed before the other there. *Tulman* v. *Hawxhurst,* 4 *Duer* 221 *; Miner* v. *Fredonia,* 27 *N. Y.* 156.

2. But where Collins & Co. filed their mortgage is unimportant. The contest is not between them and a subsequent mortgagee, but between them, *bona fide* subsequent mortgagees, and a prior mortgagee, who not only did not file his mortgage, but concealed its existence.

The statute expressly makes the mortgage of complainants void against them. Subsequent registry could not help them. *Berry* v. *Mutual Ins. Co.,* 2 *Johns. C. R.* 603 *;* 2 *White & Tudor's L. C. in Eq.* 182 *; Jackson* v. *Campbell,* 19 *Johns. R.* 281 *; Coster's Ex'rs* v. *Georgia Bank,* 24 *Ala.* 37 *; Day* v. *Clark,* 25 *Vt.* 398 *; Irvin's Lessee* v. *Smith,* 17 *Ohio* 226 *; Stull's Lessee* v. *Spencer,* 1 *Peters* 552 *; Tiffany* v.

*Warren*, 37 *Barb.* 571 *; Den* v. *Richman*, 1 *Green's R.* 44 *; Meech* v. *Patchin*, 14 *N. Y.* 71 *; Thompson* v. *Van Vechten*, 6 *Bosw.* 373 *; S. C.*, 27, *N. Y.* 568 *; Lewis* v. *Palmer*, 28 *N. Y.* 271.

THE CHANCELLOR.

The suit is for foreclosure and sale of chattels, upon a chattel mortgage given to the complainants by the defendants, Little & Dana. This mortgage was given and dated on the 12th day of April, 1866. The chattels were situate in Camden county. The defendant, Little, resided in Union county; his partner, the defendant, Dana, resided in the state of New York. The complainants filed a copy of their mortgage in Camden county clerk's office September 29th, 1866; in Gloucester county, October 31st; and in Union county November 2d. No copies were filed before those dates.

On the 3d day of August, 1866, Little & Dana gave a mortgage on the same chattels to the defendants, Collins, Atwater & Whiton, for $10,000, actually advanced at the time. Collins, Atwater & Whiton had no notice of the mortgage to the complainants, and caused their mortgage to be filed in Camden county clerk's office, August 11th, 1866. No copy was filed in any other clerk's office.

On the 28th of September, Little & Dana advised the complainants, who had promised them not to file their mortgage in the clerk's office, that they had given a mortgage to Collins, Atwater & Whiton. On the 29th, DeCourcey saw that mortgage in the office of the clerk of Camden county. The mortgagors remained, and still remain, in possession.

The question is, which of these two mortgages is entitled to priority on this state of facts? This depends upon the construction of the act concerning chattel mortgages, approved March 24th, 1864. *Pamph. Laws* 493.

That act provides that every mortgage of chattels, not followed by an immediate and continued change of possession, shall be void, as against subsequent purchasers and

mortgagees in good faith, unless the mortgage, or a copy of it, should be filed as therein directed. It directs the mortgage, or a copy of it, to be filed in the clerk's office of the county wherein the mortgagor may reside at the execution of it; and if he do not reside in the state, then in the clerk's office of the county where the property so mortgaged shall be at the execution of it.

The mortgage of the complainants was filed in the county where the chattels were situate, and also in the county where the mortgagor, who lived in the state, resided. Of course, this was a full compliance with the law, and it is not necessary to decide in this case whether filing in both counties was necessary in such case. But the time of filing in both counties was after the mortgage to Collins, Atwater & Whiton. By the plain language of the act, as against that mortgage, it was void. When that mortgage was given, it was good against the mortgagors, and against every one, except subsequent purchasers and mortgagees in good faith, and creditors who should obtain judgments, without being filed. The complainants are not subsequent mortgagees. They acquired no right whatever after the mortgage to Collins, Atwater, & Whiton, and were in no manner injured by the fact that the mortgage to them was not filed in the proper county. They are neither within the letter or intention of the act, if it is taken for granted that the mortgage to Collins, Atwater & Whiton was not filed in the proper county. That mortgage was not filed in the county in which Little, the mortgagee, who resided in this state, lived, which is required by the act, where there is but one mortgagor, but it was filed in the county where the chattels were situate, which is the proper county when the mortgagor resides out of the state, as Dana did, in case there is but one mortgagor. In such case, filing in both counties is certainly a compliance with the requisitions of the act. But whether a filing in either would be sufficient, and if so, in which it should be filed, are questions that admit of doubt, and which it is not necessary in this case to settle.

DeCourcey *v.* Little.

These defendants are especially mortgagors in good faith; they advanced their money at the giving of the mortgage, without any kind of notice or suspicion that the complainants had any lien or mortgage. The complainants are mortgagees, not merely negligent, but in bad faith; they made an agreement with the mortgagors not to file the mortgage, to preserve a false credit to the mortgagors, and to impose upon subsequent creditors and mortgagees, contrary to the provisions and spirit of the act.

The act differs substantially in its provisions, as to the effect of not filing the mortgage, from the provisions on the same subject in the act respecting mortgages on real estate. That provides, (*Nix. Dig.* 611, § 10,) that a mortgage not left for registry shall be void against a subsequent judgment creditor, or purchaser, or mortgagee, without notice, unless the same be lodged for registry before the time of entering such judgment, or of lodging for record such mortgage or conveyance to a subsequent purchaser or mortgagee. In that case, the negligence of the subsequent mortgagee or purchaser would lose the advantage gained by that of the prior mortgagee.

In accordance with this principle, it has been held by a series of decisions in New York, upon a similar statute, in nearly the same words as our own, that an omission to re-file a mortgage at the end of the year will not give precedence to a subsequent mortgage given and filed within the year; that the priority of such mortgages is fixed as soon as the last one is given, and that no subsequent diligence, or want of diligence, can effect or change it. *Meech* v. *Patchin*, 14 *N. Y. R.* 71; *Thompson* v. *Van Vechten*, 6 *Bosw.* 373; *S. C.*, 27 *N. Y. R.* 568; *Lewis* v. *Palmer*, 28 *N. Y. R.* 271.

The mortgage of the defendants is entitled to be first paid out of the proceeds of the mortgaged property.